IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANE JACOBSEN,
as special administrator of the
estate of PAM C. JACOBSEN,

        Plaintiff,              No. CIV S-02-0432 GGH

    vs.

JO ANNE B. BARNHART,        ORDER
Commissioner of
Social Security,

        Defendants.
_____/

BACKGROUND

On September 26, 2002, this court reversed a final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's February, 1997 application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), and remanded the matter for payment of back benefits due for the period February 1997 through February 2000. The court found the ALJ's assessment of plaintiff's functional abilities was not based on proper legal standards, nor was it supported by substantial evidence, and that plaintiff was disabled within the meaning of the Social Security Act as of February 19, 1997. On November 18, 2002, plaintiff's counsel filed a suggestion of death which indicated that plaintiff had died on September 18, 2002, prior to the issuance of the court's September 26, 2002 order. The Commissioner thereupon filed a motion for relief of judgment on December 2, 2002. Insofar

1

as the initial judgment was concerned, plaintiff filed a timely motion for attorney's fees under the Equal Access to Justice Act (EAJA) on December 19, 2002 (EAJA motion timely when made 30 days after the time to appeal has expired—<u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 96 (1991)). Because the Commissioner had 60 days in which to appeal, the motion filed on December 19 was timely.

The matter of the substitution of plaintiffs in a Social Security/SSI case was complex. It was not until May 3, 2004, that this court issued an opinion amending the judgment: granting plaintiff's motion to substitute her sister as special administrator, denying defendant's motion for relief from judgment based on plaintiff's intervening death, and granting plaintiff's initial motion for attorney's fees under the Equal Access to Justice Act (EAJA).[1] This court found that plaintiff was a "prevailing party" under the Equal Access to Justice Act ("EAJA"), and that the position of the Commissioner in the underlying action was not substantially justified. As a result, plaintiff was awarded EAJA fees in the amount of $9,374.60. Plaintiff, on July 30, 2004, submitted a supplemental application for EAJA fees. The Commissioner opposes the motion.

<u>DISCUSSION</u>

<u>The Court's Jurisdiction</u>

The issue of supplemental fees in the EAJA context is not often litigated. Thus, scant authority exists for the adjudication of supplemental requests, i.e., does the initial deadline for the filing for EAJA fees permit supplemental filings after the deadline has expired. The court finds that it has jurisdiction to rule on the supplemental request.

<u>United States v. Eleven Vehicles</u>, 200 F.3d 203 (3rd Cir. 2000) did involve a supplemental request for EAJA fees. The forfeiture claimants in <u>Brown</u> made their request, as was done here, after an initial EAJA fee award had been made. No amendment to the underlying

---

[1] However, the judgment had to be amended because the substituted plaintiff was not eligible to receive past due monetary benefits.

judgment had been made.  Nevertheless, in a thoughtful opinion, the Third Circuit found that the timeliness requirement was met with the initial filing, and thereafter, supplemental request could be considered: "In the absence of a timeliness requirement [for supplemental requests] imposed by statutory command, a Federal Rule of Civil Procedure, or an applicable local court rule, 'the only time limitation arises out of those equitable considerations that a district judge may weigh in his discretion.'"  Id. at 210.  In this case, not only would the court exercise its discretion under equitable factors, given the history of this case, but the judgment was reopened and amended.  Plaintiff's motion for supplemental fees was timely even in the event that the court possessed no equitable discretion.  Therefore, the court turns to the merits.

The Merits

"The EAJA was enacted to reduce the chance that 'the expense of litigation involved in securing the vindication of . . . rights' would deter 'defen[se] against unreasonable governmental action.'"  Wolverton v. Heckler, 726 F.2d 580, 582 (9th Cir. 1984), quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. 5, reprinted in 1980 U.S. Cong. & Ad. News 4984.  The court must allow the fee award unless it finds that the position of the United States was "substantially justified" or "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

The burden of establishing substantial justification is on the government.  Petition of Hill, 775 F.2d 1037, 1042 (9th Cir. 1985).  In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as:

> justified in substance or in the main––that is, justified to a degree that could satisfy a reasonable person.  That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565 (internal quotation marks omitted).  A position does not have to be correct to be substantially justified.  Id. at 566 n.2.  This definition has been utilized often by the Ninth Circuit.  See Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991); Bay Area Peace Navy v.

3

1  United States, 914 F.2d 1224, 1230 (9th Cir. 1990); Pottgieser v. Kizer, 906 F.2d 1319, 1324
2  (9th Cir. 1990).  While the Pierce court noted the relevance of objective factors such as terms of
3  a settlement agreement or at what stage in the proceedings the merits were decided in
4  determining if a position was substantially justified, it stated that these factors are not conclusive.
5  Pierce, 487 U.S. at 568.
6          In this case, counsel argues that she expended much attorney time on the case
7  after the initial petition for EAJA fees was filed on December 19, 2002, and granted in the
8  amount of $9,374.60 on May 3, 2004.  These initial fees were based upon the Commissioner's
9  unreasonable position on the merits of plaintiff's decedent's case.  Plaintiff now seeks
10 $11,668.45 in fees.  Counsel cites to time spent in work on the case after the death of Pam
11 Jacobson, including substitution of Diane Jacobson, opposing the Commissioner's relief from
12 judgment, replying to the Commissioner's opposition to the original EAJA fee motion, and
13 preparing this supplemental petition for fees.  Plaintiff's counsel asserts that she spent eighty
14 hours on the post remand portion of the litigation after the case was returned to the
15 Commissioner for payment of benefits on September 26, 2002.
16         The Commissioner contends that the fees now requested concern issues after
17 disability was already litigated and determined, and therefore only its litigation position after
18 judgment should be considered.  For example, the Commissioner argues that its request for relief
19 from judgment was reasonable.  That motion took the position that there was no prevailing party
20 because SSI benefits could not be paid out to plaintiff's sister due to lack of standing, because
21 plaintiff's death extinguished her claim, and since the Commissioner does not administer the
22 Medicaid program, it had no authority to act further in regard to this claim.  The Commissioner
23 also contends that it is still unclear whether Medicaid benefits will be paid and thus whether the
24 \\\\\
25 \\\\\
26 \\\\\

4

relief sought will ever be realized.[2] The Commissioner further asserts that because the issue of whether an SSA disability determination survives the death of a claimant for purposes of obtaining Medicaid benefits, was one first impression, no additional EAJA fees should be awarded.

The court first turns to plaintiff's argument that regardless of the justification advanced by the government in the post-judgment proceedings, the government's position on the legal issues remains tainted by its unjustified opposition to plaintiff's decedent's underlying case. The undersigned disagrees. While it is true that a finding of substantial justification is not generally to be premised upon the fact that in one particular issue the Commissioner was substantially justified, while unjustified in the main, or that the litigation position was arguably justified while the position in the administrative proceedings were not, see Commissioner, INS. v. Jean, 495 U.S. 154, 110 S. Ct. 2316 (1990), the proceedings here are qualitatively different. The post-judgment proceedings were adjudicated on an issue that was wholly distinct from the underlying case, be it administrative or in-court, and on an issue that no one could have precisely predicted in terms of its timing. The Commissioner was not responsible for the occurrence of the post-judgment issue. No logic supports a position that no matter how unrelated the post-judgment issues are to the pre-judgment issues, the validity of the post-judgment position as maintained by the government is unalterably tarnished by its position on the pre-judgment issues. And, the court cannot find a case which supports that illogical position. Rather, EAJA issues should be decided on the totality of the circumstances, Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996), and that totality supports a finding, given the unique post-judgment circumstances, that only the post-judgment position of the Commissioner should be determinative of post-judgment EAJA fees. Therefore, the court considers the position of the

---

[2] On December 28, 2004, plaintiff filed a statement by the San Joaquin County Treasurer and Tax Collector, Revenue and Recovery Division, dated December 24, 2004, which states that San Joaquin General Hospital recalled $65,864.40 in charges owed by the decedent which was covered under the MediCal program.

government only as to its position on the post-judgment issues.

Turning to the merits of that post-judgment position, the court finds that the government, although not justified in its original action to deny benefits, was substantially justified in defending itself after plaintiff's suggestion of death was filed. The case cited by plaintiff, Gutierrz v. Barnhart, 274 F.3d 1255, 1259 (9th Cir. 2001), stresses that two questions must be posed: "first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." Although Gutierrez answered both questions in the negative, the disposition of these issues is very case specific.

In this case, the government's position in requesting relief from judgment was reasonable because SSI benefits could not be paid to the decedent's estate. This basis for the request for relief was reasonable and had a basis in law and fact. Nevertheless, because there were unpaid hospital debts which could be paid by MediCal if the SSA made a determination of disability which is binding on this state authority, the legal question of disability was not mooted by plaintiff's death. Such a legal issue was open to debate and required a complicated analysis. See Order, filed May 3, 2004. Where an issue is one of first impression, it is "one factor in determining whether the government's litigation position is substantially justified ...." Gutierrez v. Barnhart, 274 F.3d 1255, 1261 (9th Cir. 2001). Although Gutierrez is more recent than the cases cited by the Commissioner, and it rejects the argument that every case of first impression automatically constitutes substantial justification, its decision to reverse a finding that the government was substantially justified rests on facts that are distinguishable from this case. There, the issue was whether the government's position was substantially justified in arguing a position regarding a *clear* rule contained in the SSA regulations which had not been ruled upon before. (Id. at 1262.) The court acknowledged that Gutierrez did not involve contested interpretations of an *ambiguous* rule upon which the court had not previously ruled, and the government pursued a reasonable interpretation. (Id. at 1261, 1262.) In this case, the issues

6

posited by the unusual circumstances of this case were not defined by a clear rule, and were subject to more than one reasonable interpretation.

Furthermore, as pointed out by the Commissioner, the issue of whether an SSA disability determination survives the death of a claimant for purposes of obtaining Medicaid benefits was raised by the court, not by the Commissioner's initial motion, and the undersigned changed his mind more than once before arriving at a final determination.

Because the court finds that the Commissioner was substantially justified in its post-judgment position, it will not address whether special circumstances render an EAJA fee award unjust.

CONCLUSION

Accordingly, IT IS ORDERED that plaintiff's supplemental petition for EAJA attorney's fees, filed July 30, 2004, is denied.

DATED:  5/25/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U.S. MAGISTRATE JUDGE

GGH/076
jacobsen.eaja.sup.wpd